UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CREAR, III, 260479,

     Petitioner,                    CASE NO. 18-11947

v.                                 HON. PAUL D. BORMAN

SHERMAN CAMPBELL,         MAG. DAVID R. GRAND

     Respondent.

_____

## Respondent's Motion for Order to Transfer Petition to the Sixth Circuit Court of Appeals and Brief in Support

## <u>Motion</u>

Respondent, Sherman Campbell, through his attorneys Bill Schuette, Attorney General for the State of Michigan, and Jared D. Schultz, Assistant Attorney General, moves this Honorable Court to transfer the petition for writ of habeas corpus filed in this case to the United States Court of Appeals for the Sixth Circuit because it constitutes a "second or successive petition" under 28 U.S.C. § 2244(b). Alternatively, this Court should dismiss the petition under Habeas

Rule 4 because it has not been filed within the applicable statute of limitations under 28 U.S.C. § 2244.

Pursuant to local rule 7.1(a)(2)(C), the State asserts that concurrence in this motion was not sought since the nonmovant is an incarcerated prisoner proceeding pro se.

**BRIEF IN SUPPORT OF TRANSFER TO THE SIXTH CIRCUIT**

**I.    This Court does not have jurisdiction to consider Crear's second habeas petition because he has not obtained authorization to file it from the Sixth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b).**

AEDPA provides that a state prisoner wishing to file a second or successive petition for habeas corpus relief must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")  In *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), the United States Court of Appeals for the Sixth Circuit directed federal district courts to transfer second or successive habeas corpus petitions to that Court pursuant to 28 U.S.C. § 1631 (stating that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed").  The Supreme Court has made clear that the authorization required by 28 U.S.C. § 2244(b)(3)(A) is jurisdictional.

*Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam) (district court lacks jurisdiction to review second habeas petition without prior authorization from court of appeals.)

### A.   Crear has previously filed a petition for a writ of habeas corpus on which relief was denied.

Petitioner George Crear, III, while a band teacher at a middle school, befriended a 13-year-old student, made uncomfortable comments toward her, and sexually assaulted her numerous times over a two-year period.  The assaults, which happened from 1982-1984, occurred in the school and included several occasions where Crear forced the victim to perform oral sex on him.  Following a jury trial, Crear was found guilty of two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(b)(*iv*), and three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b)(*iv*).  The trial court sentenced Crear in 1997.  For his second-degree criminal-sexual-conduct convictions, Crear was sentenced to 8 to 15 years and 10 to 15 years in prison.[1]  For his first-degree criminal-sexual-conduct

---

[1] Crear has been discharged and is no longer in custody pursuant to his second-degree criminal-sexual-conduct convictions.  *See* The Offender Tracking Information System, http://mdocweb.state.mi.us/otis2/otis2

convictions, Crear was sentenced to 25 to 40 years, 40 to 75 years, and—for one of the counts—life imprisonment.

In late 2005, Crear filed his first petition for a writ of habeas corpus in this Court challenging his convictions. Crear also requested that the Court hold an evidentiary hearing to address his claim that his counsel was ineffective. The State filed an answer objecting to an evidentiary hearing and requesting that the petition be denied because Crear's claims were meritless and not cognizable on federal habeas review. This Court held an evidentiary hearing, but it ultimately denied all of Crear's claims. *Crear v. Harry*, No. 05-cv-74191, 2009 WL 1211238, at *3 (E.D. Mich. Apr. 30, 2009) (BORMAN, J.). This Court thereafter denied Crear's motion for a certificate of appealability, *Crear v. Harry*, No. 05-cv-74191, 2009 WL 1864035 (E.D. Mich. Jun. 25, 2009) (BORMAN, J.), and the Sixth Circuit denied Crear's application for a certificate of appealability.

After filing a second or successive collateral motion for relief from judgment in the state trial court (which was denied), Crear filed

---

profile.aspx?mdocNumber=260479.http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=260479 (last accessed December 13, 2018).

another habeas petition in this Court on June 19, 2018, challenging the

same conviction that was at issue in his prior habeas action.  (6/19/18

Pet., R. 1.)  This Court ordered that the State file a responsive pleading

by September 18, 2018, a deadline which was extended until December

13, 2018.  (9/14/18 Order Granting Resp't's Mot. to Enlarge the Resp.

Time, R. 7, Page ID# 26.)

> **B.   Absent an order of authorization from the Sixth
> Circuit Court of Appeals, this Court has no
> jurisdiction to hear Crear's second or successive
> habeas petition because he filed an earlier petition.**

A prisoner seeking to file a second or successive habeas petition

*must* first ask the appropriate court of appeals for an order authorizing

the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A);

*Stewart v. Martinez–Villareal*, 523 U.S. 637, 641 (1998) (explaining that

the Antiterrorism and Effective Death Penalty Act of 1996 "established

a 'gatekeeping' mechanism for the consideration of 'second or successive

habeas corpus applications' in the federal courts" and that "[a]n

individual seeking to file a 'second or successive' application must move

in the appropriate court of appeals for an order directing the district

court to consider his application").  Congress has vested in the court of

appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Crear has not sought authorization from the Court of Appeals to file a second or successive application for a writ of habeas corpus. This failure deprives this Court of jurisdiction over the matter and the action must therefore be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631 and *In re Sims*.

**C. The trial court's sua sponte order correcting his jail credit did not create a new judgment; thus, the instant petition is still "second or successive."**

Crear argues that the instant petition is not a second or successive application because the trial court issued an amended judgment of sentence on October 19, 2016 and because this petition is the first to challenge that amended judgment. Although it is true that a new

7

judgment begins the count anew with regard to federal habeas petitions, the trial court here never issued a new judgment.

Crear was initially sentenced on December 16, 1997.  At sentencing, after imposing terms of imprisonment for each conviction, the trial court noted that Crear was to "receive credit for 936 days" that he had been in custody.  (12/16/97 Sentence Tr. at 22.)  Crear's original judgment of sentence listed his prison terms, but it only provided that he receive jail credit for one of his convictions (a second-degree criminal-sexual-conduct conviction for which he received 8 to 15 years' imprisonment).  (12/16/97 J. of Sentence, attached as appendix A.)  Years later, after Crear appealed the convictions on direct review in the state courts, after he collaterally attacked the convictions in the state courts, and after he filed a federal habeas petition challenging the convictions, the trial court sua sponte issued an amended judgment of sentence, on October 19, 2016.  (10/19/16 Am. J. of Sentence, attached as appendix B.)  That judgment corrected the jail-credit discrepancy, providing that Crear was to receive 936 days of credit for all five of his sentences.  (*Id.*)

It is true that § 2244(b) bars a "second or successive" petition challenging a state-court *judgment*. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Because "the phrase 'second or successive' must be interpreted with respect to the judgment challenged," *id.* at 333, the first petition that challenges a new judgment of sentence is not "second or successive," *id.* at 342. The Sixth Circuit has held that this approach also applies when a petitioner seeks to challenge the original undisturbed *conviction*. *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015) ("This judgment-based reasoning naturally applies to all new judgments, whether they capture new sentences or new convictions or merely reinstate one or the other."). But not every change to a petitioner's sentence creates a new judgment. *In re Stansell*, 828 F.3d 412, 419 (6th Cir. 2016). Indeed, an order correcting a clerical mistake does not create a new judgment. *Id.* at 420. The *Stansell* Court said:

> When courts use nunc pro tunc entries in this manner—to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records—we do not regard the corrected entries as new judgments for purposes of the second or successive requirements. To hold otherwise would turn those requirements into a game of "I Spy," where the petitioner best able to catch the court's technical errors will earn himself a free pass (maybe many free passes) into federal court.

*Id.* Which is exactly the case here.

The October 19, 2016 judgment of sentence merely corrected "a discrepancy between the court's oral pronouncement[ ]"—its order at sentencing that Crear receive jail credit for all convictions (12/16/97 Sentence Tr. at 22)—and "its paper records"—the original judgment of sentence that only listed jail credit for one of the convictions (12/16/97 J. of Sentence, attached as appendix A). This clerical correction did not create a new judgment such that the "second or successive" count began anew. Therefore, the petition is barred by § 2244(b)(2).

In sum, the State respectfully asks this Court to transfer the application for a writ of habeas corpus in this case, which is a second or successive application, to the United States Court of Appeals for the Sixth Circuit so that it can make the initial determination whether to authorize its filing in this Court.

## II.   Alternatively, this Court should dismiss Crear's petition because he did not file it within the one-year statute-of-limitations period, and he has failed to demonstrate that extraordinary circumstances justify equitable tolling.

Even if the October 19, 2016 amended judgment of sentence could be considered a new judgment for purposes of the "second or successive"

count—which the State does not concede—Crear nevertheless failed to timely file the instant petition.  Thus, should this Court not transfer the case to the Sixth Circuit, it should dismiss it under Habeas Rule 4 as untimely.

### A.    Discussion of controlling authority

Habeas Rule 4 provides that the court can dismiss a habeas petition if it determines that the petitioner is plainly not entitled to relief.  And the State can move to dismiss untimely petitions citing Habeas Rule 4.  *See Harrison v. Galanza*, No. C 98-3371, 1999 WL 58594, at *1 (N.D. Cal. Feb. 4, 1999).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations after finalization of direct review:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A)    the date on which the judgment became final by the conclusion of direct review of the expiration of time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of

the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was originally recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA governs the filing date for habeas petitions filed after AEDPA's effective date of April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The statute of limitations is tolled statutorily by a properly filed motion for post-conviction review or is equitably tolled by the court under limited circumstances.  28 U.S.C § 2244(d)(2).

Where a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires.  That time is 90 days after the Michigan Supreme Court's decision.  Sup. Ct.

R. 13.  The one-year habeas statute of limitations commences running at that time.  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

But when, as here, a petitioner fails to seek direct review of his judgment of conviction, his judgment of conviction is finalized when the time for filing a delayed application for leave to appeal to the Michigan Court of Appeals expires.  The time to file such an application is one year after the decision if the decision is dated before September 1, 2011, but it is only six months after the decision if the decision is dated September 1, 2011 or afterward.  Mich. Ct. R. 7.205(F)(3) (amended 2011).  The one-year habeas statute of limitations commences running at that time.  *Bronaugh*, 235 F.3d at 283 (holding that the limitations period commences the day after the state-court conviction becomes final).

A petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms in subchapter 6.500 of the Michigan Court Rules.  A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application.  § 2244(d)(2).  "And an application is 'properly filed' when

its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, a petitioner receives tolling for the time that he could have, but did not timely file, an appeal of the denial of his motion in the state courts. *Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016).

After completion of state court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

### B.   Discussion of facts and procedural history

The facts in this case reveal an untimely filing of the habeas petition:

1.   On November 18, 1997, Crear was found guilty by a jury of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b), and two counts of second degree criminal sexual conduct § 750.520c(1)(b). The trial court sentenced Crear on December 16, 1999 to 8 to 15 years and 10 to 15 years in prison for his second-degree criminal-sexual-conduct convictions, and 25 to 40 years, 40 to 75 years, and life imprisonment for his first-degree criminal-sexual-conduct convictions.

2.   Crear directly appealed his convictions and collaterally attacked his convictions in state and federal court, but those

proceedings are irrelevant for purposes of the timeliness of this petition.

3.   On October 19, 2016, the trial court amended the judgment of sentence to reflect that Crear was to receive 936 days of jail credit on *all* of his sentences.

4.   Crear did not directly appeal the October 19, 2016 judgment. Rather, on September 12, 2017, he filed a motion for relief from judgment in the trial court, even though he was not permitted to do so.  Mich. Ct. R. 6.502(G)(1).

5.   On May 29, 2018, the trial court denied the motion, ruling that it was an improperly filed successive motion under Michigan Court Rule 6.502(G)(1).  (5/24/18 Genesee Cir. Ct. Order.)

6.   Crear did not appeal the trial court's May 29, 2018 order in the state courts.

7.   The habeas action now before this Court is undated and was filed in this Court on June 19, 2018.

## C.   Argument

Crear's habeas petition is untimely.  The petition was not filed within the one-year statute of limitations, and Crear is not entitled to equitable tolling.

**1.   Crear failed to file the petition within one year of the expiration of time for seeking direct review, and his improperly filed successive motion for relief from judgment in the state trial court did not toll the period of limitations.**

In this case, the expiration of time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A) was April 20, 2017—six months after the trial court sua sponte amended its judgment of sentence.  Mich. Ct. R. 7.205(F)(3) (amended 2011).  Since this date is after the enactment of AEDPA, the period of limitations began running the next day, April 21, 2017.  Crear then had one year, until April 20, 2018, within which to file the petition, or to instead properly file an application for state post-conviction or other collateral review, which would toll the one-year statute of limitations period.

Crear filed a motion for relief from judgment on September 12, 2017.  But that motion was not "properly filed."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Id.*  Because the trial court dismissed Crear's application as an improperly filed successive motion for relief from judgment under Michigan Court Rule 6.502(G)(1), it was not "properly filed."[2]  And because it was not "properly filed," it did not toll the

---

[2] Crear is likely to argue that, under Michigan Law, his September 12, 2017 motion was not successive because it was his first petition

running of the statute of limitations.  *See* § 2244(d)(2).  Thus, Crear still

only had until April 20, 2018 to file his petition in this Court.  However,

Crear waited until June 19, 2018, to file the habeas petition.

At the time Crear filed his petition, *60 days had passed since the*
*statute of limitations had expired*.

Crear has not shown, or even alleged, that §§ 2244(d)(1) (B), (C),

or (D) apply in this case.[3]  And they do not.  No state-created

impediment prevented Crear from filing timely.  28 U.S.C.

§ 2244(d)(1)(B).  Crear is not seeking the retroactive application of a

recently recognized constitutional right.  § 2244(d)(1)(C).  And Crear

---

following the October 19, 2016 amended judgment of sentence.  But the
trial court rejected this notion:

> While Defendant argues that his former motion did not
> pertain to the Amended Judgment of Sentence—amending
> his jail credit—this motion concerns the same subject
> matter, same charges, and same conviction as the previously
> filed motion, as well as a rehash of his unsuccessful
> arguments.

(5/24/18 Genesee Cir. Ct. Order).  This interpretation of a state court
rule is binding on this court.  *See Bradshaw v. Richey*, 456 U.S. 74, 76
(2005) ("We have repeatedly held that a state court's interpretation of
state law, including one announced on direct appeal of the challenged
conviction, binds a federal court sitting in habeas corpus.")

[3] The State is cognizant of the fact that a prisoner's pro se pleadings
should be given the benefit of liberal construction.  *See Erickson v.*
*Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).

does not allege that the factual predicate of the claims could not have been discovered before the expiration of time for seeking direct review. § 2244(d)(1)(D).

### 2.    Crear is not entitled to equitable tolling

While Crear has failed to demonstrate entitlement to "statutory tolling" to avoid dismissal, he can still avoid dismissal of the habeas petition by demonstrating that "equitable tolling" applies to this case. But Crear has failed to do so.

### a.    The law of equitable tolling

The Supreme Court has held that the habeas statute of limitations is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is available in habeas challenges to state court convictions only when a litigant can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way . . . .'" *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (holding that

*Holland* replaced the 5-part inquiry of *Dunlap v. United States*, 250

F.3d 1001, 1010 (6th Cir. 2001)).

In order to establish entitlement to equitable tolling, the

petitioner bears the burden of demonstrating *both Holland* factors.

*Hall*, 662 F.3d at 750; *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.

2010.  Moreover, equitable tolling should only be granted "sparingly."

*Robertson*, 624 F.3d at 784 (citations omitted).  Ignorance of the law,

illiteracy, and lack of legal assistance do not amount to grounds for

equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)

("[I]gnorance of the law alone is not sufficient to warrant equitable

tolling.") (internal quotation marks and citation omitted); *Cobas v.*

*Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[I]nmate's lack of legal

training, his poor education, or even his illiteracy does not give a court

reason to toll the statute of limitations."); *Holloway v. Jones*, 166 F.

Supp. 2d 1185, 1189 (E.D. Mich. 2001) (Lack of "professional legal

assistance [is] not an extraordinary circumstance which would toll the

statute of limitations."); *accord Sperling v. White*, 30 F. Supp. 2d 1246,

1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law,

illiteracy, and lack of legal assistance do not justify tolling).

A petitioner may also pass through the "impediment" of the statute of limitations if he or she can *prove* actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in the light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Additionally, the federal habeas court "should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928. In other words, the court "may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of . . . the evidence of actual innocence." *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332) (internal quotation marks omitted). For example, if a petitioner waited until an elderly witness died before collaterally attacking his conviction, the timing "should seriously undermine the credibility of the actual-innocence claim." *McQuiggin*, 133 S. Ct. at 1936. But the Supreme

Court cautioned: "tenable actual-innocence gateway pleas are rare . . . ." *Id*. at 1928.

> **b.   Crear has not shown entitlement to equitable tolling under *Holland* or *McQuiggin***

Crear is not entitled to equitable tolling under *Holland*.  Crear did not diligently pursue his rights regarding this petition, nor has Crear shown that some extraordinary circumstance stood in his way.  In fact, it would be outlandish to say that Crear was diligently pursuing his rights when he raises only a speedy-trial claim (and derivative ineffective-assistance-of-counsel claims), a claim which he was well aware of as he sat in custody before trial—over 20 years ago.

Moreover, Crear does not allege that he is actually innocent.  As such, the *McQuiggin* avenue is unavailable.  *McQuiggin*, 133 S. Ct. at 1933 ("AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made.").

As noted above, equitable tolling should only be granted "sparingly."  Crear has failed to meet his burden of showing that he is entitled to equitable tolling.  Therefore, should this Court decide not to transfer the petition to the Sixth Circuit Court of Appeals, as discussed

above, it should nevertheless dismiss the petition under Habeas Rule 4 as untimely.

## RELIEF SOUGHT

The State respectfully requests that the petition be transferred to the United States Court of Appeals for the Sixth Circuit so that it can determine whether its filing should be authorized in this Court.  If this Court decides not to transfer the petition, it should dismiss the petition under Habeas Rule 4 as untimely.  In the alternative, if this Court denies this motion in its entirety, the State would ask for an additional 60 days to address the merits of Crear's claims in the petition.

Respectfully submitted,

Bill Schuette
Attorney General

s/Jared D. Schultz

Assistant Attorney General
Criminal Appellate Division
P.O. Box 30217
Lansing, MI  48909
(517) 373-4875
SchultzJ15@michigan.gov
P80198

Dated: December 13, 2018
2006-006599-C/CREAR, GEORGE/MOTION

## Certificate of Service

I hereby certify that on December 13, 2018, I electronically filed

the foregoing papers with the Clerk of the Court using the ECF system

which will send notification of such filing to the following:

[HONORABLE]
[MAGISTRATE JUDGE]
**DisplayText cannot span more than one line!**

and I hereby certify that [enter secretary] has mailed by United States

Postal Service the papers to the following non-ECF participant:

[ENTER PETITIONER with prison #]
[ENTER PETITIONER's address]

Respectfully submitted,

Bill Schuette
Attorney General

s/Jared D. Schultz

Assistant Attorney General
Criminal Appellate Division
P.O. Box 30217
Lansing, MI  48909
(517) 373-4875
SchultzJ15@michigan.gov
P80198