UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CREAR, III,

        Petitioner,

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

CASE NO. 2:18-cv-11947

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER GRANTING THE STATE'S MOTION TO TRANSFER THE PETITION TO THE COURT OF APPEALS (ECF NO. 8) AND TRANSFERRING THE PETITION TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)(3)(A)

Petitioner George Crear, III, filed a *pro se* habeas corpus petition challenging his 1997 state convictions for five counts of criminal sexual conduct (CSC). Petitioner challenged the same convictions in prior habeas petition, which this Court denied on the merits in 2009. Although the state trial court subsequently amended the judgment of sentence, the State maintains that the current petition is a second or successive petition which the Court has no jurisdiction to entertain. The Court agrees. Accordingly, the Court will grant the State's motion and transfer the habeas petition to the Court of Appeals for a determination of whether this Court may consider Petitioner's claims.

## I. Background

In 1997, Petitioner was convicted of two counts of second-degree CSC, Mich. Comp. Laws § 750.520c(1)(b), and three counts of first-degree CSC, Mich. Comp. Laws § 750.520b(1)(b). On December 16, 1997, the trial court orally sentenced Petitioner as follows: eight to fifteen years in prison for the first count of second-degree CSC; ten to fifteen years in prison for the other count of second-degree CSC; life imprisonment for one count of first-degree CSC; forty to seventy-five years in prison for an additional count of first-degree CSC conviction; and twenty-five to forty years in prison for a third count of first-degree CSC. The trial court stated at Petitioner's sentencing hearing that Petitioner would receive 936 days of credit for the time that he had been in custody. *See* 12/16/97 Sentencing Tr. at 22. The written judgment of sentence stated that all the sentences would run concurrently, but it indicated that the 936 days of jail credit applied only to the first count of second-degree CSC. *See* Resp.t's Mot. for an Order to Transfer Pet., App. A.

Petitioner appealed his convictions as of right. The Michigan Court of Appeals affirmed his convictions in a published decision, *see People v. Crear*, 242 Mich. App. 158 (2000), and on April 30, 2001, the Michigan Supreme Court denied leave to appeal. *See People v. Crear*, 463 Mich. 1010 (2001) (table).

In 2002, Petitioner filed a motion for relief from judgment, which the trial court denied. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.

In 2005, Petitioner filed his first habeas corpus petition in this district. He raised several claims regarding his trial and appellate attorneys, alleged delay in bringing the charges against him, the alleged denial of his right to travel due to the tolling provision of the Michigan statute on sex offenses, a juror's statement during *voir dire*, and the alleged denial of his right of confrontation due to a key witness's refusal to sign a release for counseling records. Following an evidentiary hearing, a magistrate judge recommended that the petition be denied. This Court adopted the magistrate judge's report and recommendation and denied the petition on the merits. *See Crear v. Harry*, No. 05-cv-74191, 2009 WL 1211238 (E.D. Mich. Apr. 30, 2009).

Petitioner appealed the Court's decision on his first petition, but the United States Court of Appeals for the Sixth Circuit denied his application for a writ of appealability. *See Crear v. Harry*, No. 09-1603 (6th Cir. Feb. 26, 2010) (unpublished). The United States Supreme Court declined to issue a writ of certiorari. *See Crear v. Harry*, 562 U.S. 863 (2010).

On October 19, 2016, the state trial court *sua sponte* entered a new judgment of sentence in Petitioner's state criminal case. The amended judgment showed that

the 936 days of jail credit applied to all five counts of CSC. *See* Resp't's Mot. for an Order to Transfer, App. B. Petitioner then filed a motion to set aside the judgment. The trial court denied the motion on the basis that it was a second or successive motion for relief from judgment under Michigan Court Rule 6.502(G). *See People v. Crear*, No. 97-000415-FC (Genesee Cty. Cir. Ct. May 24, 2018). Petitioner did not appeal the trial court's decision. Instead, he commenced this action on June 19, 2018. He claims that he was denied his Sixth Amendment rights to a speedy trial and effective assistance of trial and appellate counsel.

## II. Discussion

### A. Clearly Established Federal Law

As noted above, this is Petitioner's second federal habeas corpus action. Habeas petitioners generally have only "one shot to pursue their claims in federal court. For petitions filed after the first one — 'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). Among other things, a habeas petitioner seeking to file a second or successive application must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *In re Stansell*, 828 F.3d at 414. When a petitioner files a second or successive habeas

4

petition in the district court without prior authorization from the Court of Appeals, the district court must transfer the petition to the Court of Appeals for a determination of whether the district court may entertain the petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### B. Application

Petitioner asserts that his current petition is not a "second or successive" petition because it follows a new state-court judgment. *See* Compl. for Writ of Habeas Corpus at 11-12. This argument is based on *Magwood*, in which the Supreme Court held that a habeas petition that follows a re-sentencing and the entry of a new judgment is not a second or successive petition under § 2244(b). *See Magwood*, 561 U.S. at 331.

The initial judgment in this case was entered on December 16, 1997. However, because the state trial court issued an amended judgment in Petitioner's case in 2016, Petitioner contends that he is entitled to challenge his convictions in a second habeas corpus petition without having to ask the Court of Appeals for permission to file a second or successive petition.

The Sixth Circuit Court of Appeals has interpreted *Magwood* to mean that, "if an initial federal habeas petition (or state-court collateral challenge) leads to an amended judgment, the first petition that *follows* the entry of the new judgment is not second or successive, even if it raises claims that the inmate could have raised

5

in the first petition." *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015) (emphasis in original). In *King*, the Sixth Circuit addressed the question left open in *Magwood*: whether "the 'second or successive' count begin[s] anew if the new petition challenges the original, undisturbed *conviction*." *Id.* (emphasis in original). The Sixth Circuit answered this question by "holding that a habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed conviction without triggering the 'second or successive' requirements." *Id.* at 156. In other words, "[e]ven when the only change in the state-court proceeding relates to the sentence, the new judgment will reinstate the conviction and the modified sentence." *Id.* at 158.

"The common thread in *Magwood* and *King* is that both cases involved petitioners whose entire sentences were invalidated and who received full resentencing proceedings." *In re Stansell*, 828 F.3d at 416. The Sixth Circuit has expanded on those cases by holding that even a partial resentencing creates an intervening judgment that permits a petitioner to challenge an undisturbed conviction, an undisturbed term of incarceration, and a new term of post-release control. *See id.*

Petitioner's case is distinguishable from *Magwood*, *King*, and *In re Stansell*, because there was no re-sentencing hearing in his case, no full or partial invalidation of the initial sentence, no change in the length of the sentences, and no

6

new term of post-release control. The only change in the amended judgment appears in the column used to show jail credit. It shows 936 days of credit for each of Petitioner's five sentences, whereas the original judgment of sentence showed that the 936 days of jail credit applied only to the first count. Because all of Petitioner's sentences were running concurrently, the amended judgment did not "substantially and substantively change[] the terms under which [Petitioner] is held 'in custody.' " *In re Stansell*, 828 F.3d at 418 (citing 28 U.S.C. § 2254(a), (b)(1)). Accordingly, the trial court did not create a new custodial sentence or judgment for purposes of the second-or-successive assessment. *Cf. id.* at 417-18 (noting that Stansell's revised custodial sentence with its newly imposed period of post-release control substantially and substantively changed the terms under which he was held in custody and, therefore, the sentence was a new judgment, which re-opened challenges to any aspect of the judgment).

Another way of looking at the amended judgment in Petitioner's case is that it was "a technical amendment, the sort of ministerial change that [did] not alter the substance of [Petitioner's] sentence and thus [did] not create a new judgment." *Id.* at 417. The amended judgment left Petitioner's original conviction and sentence intact and merely clarified that the 936 days of jail credit applied to all of his sentences. The clarification benefitted Petitioner, and a new judgment that benefits

7

the prisoner does not disturb the underlying initial judgment. *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016).

### III. Conclusion and Order

The present petition is a second or successive petition because it does not challenge a "new judgment" as that phrase is interpreted in *Magwood* and Sixth Circuit cases. The Court, therefore, lacks jurisdiction to consider Petitioner's claims because he has not acquired permission from the Sixth Circuit Court of Appeals to file a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Accordingly, the Court grants the State's motion to transfer the petition to the Court of Appeals (ECF No. 8). The Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d at 47. IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2019